IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

_____
                                                    )
JAMES B. FEINMAN,                                   )
                                                    )
and                                                 )
                                                    )
LAUREL FEINMAN,                                     )
                                                    )
            *Plaintiffs*,                           )
                                                    )
*v.*                                                )        Civil No.  6:15-cv-00019-EKD
                                                    )
TOYOTA MOTOR SALES, U.S.A., INC.,                   )
    19001 S. Western Avenue,                        )
    Torrance, California 90501,                     )
                                                    )
            *Defendant*.                            )
_____)

## ANSWER

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") responds to plaintiffs' Complaint

as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs failed to mitigate their damages.

### THIRD DEFENSE

Defendant acted in good faith at all times relevant to the complaint.

### FOURTH DEFENSE

The complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

## FIFTH DEFENSE

The damages complained of were caused in whole or in part by the acts or omissions of plaintiffs and/or third-parties.

## SIXTH DEFENSE

Defendant reserves the right to assert the defense of the statute of limitations, if discovery discloses a basis therefore, as a complete bar to plaintiffs' claims.

## SEVENTH DEFENSE

Defendant asserts that plaintiffs' claims fail for failure to sue and serve the proper party and real party-in-interest, waiver and estoppel, and accord, release and satisfaction.

## EIGHTH DEFENSE

Defendant denies that plaintiffs own the subject vehicle and demands strict proof of ownership.

## NINTH DEFENSE

Plaintiffs' claims may be barred for failure to provide defendant with proper written notice of the subject vehicle's defects by certified mail as is required by the Virginia Uniform Commercial Code.

## TENTH DEFENSE

The nonconformity, defect, or condition, if any, of the subject vehicle does not substantially impair the use and market value of the subject vehicle.

## ELEVENTH DEFENSE

The nonconformity, defect, or condition, if any, of the subject vehicle is the result of abuse, neglect, or unauthorized modifications or alterations of the motor vehicle by plaintiffs and/or parties over which defendant has no control.

2

## TWELFTH DEFENSE

Plaintiffs have failed to give defendant an opportunity to cure the nonconformity, defect, or condition, if any, of the subject vehicle.

## THIRTEENTH DEFENSE

Plaintiffs have failed to plead specific facts which support a claim for incidental and or consequential damages, and plaintiffs' claims are, therefore, barred.

## FOURTEENTH DEFENSE

Plaintiffs may have failed to resort to a required informal dispute settlement procedure prior to commencing this action.

## FIFTEENTH DEFENSE

Defendant reserves the right, as discovery continues and as factual evidence is procured, to supplement and amend this pleading and to bring into these proceedings as defendants or by way of Third-party demand or Cross-claim other parties who may be responsible as the circumstances may dictate herein.

## SIXTEENTH DEFENSE

Defendant denies all allegations not specifically responded to and further reserves the right to assert additional defenses.

## SEVENTEENTH DEFENSE

Defendant responds to the numbered paragraphs of the complaint as follows:

1.	TMS lacks sufficient information to admit or deny the allegations in paragraph 1 of the complaint.

2.	Paragraph 2 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or

deny the allegations in paragraph 2 of the complaint, cannot determine the nature of the alleged defect as stated in the complaint, cannot determine the basis for the characterization of the alleged defect as a safety defect as stated in the complaint, cannot determine the number of repair attempts, if any, for the alleged defect, and denies plaintiffs are entitled to any damages or other relief.

3.      Paragraph 3 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 3 of the complaint, cannot determine the basis or amount of each alleged portion of damages as stated in the complaint, and denies plaintiffs are entitled to any damages or other relief.

WHEREFORE, Toyota Motor Sales, U.S.A., Inc. requests that the complaint be dismissed with prejudice and that it be awarded its attorneys' fees, costs, and such other relief as the Court deems appropriate.

TOYOTA MOTOR SALES, U.S.A., INC.
By Counsel


Respectfully submitted,

  /s/ William D. Ledoux, Jr.
William D. Ledoux, Jr. (VSB # 71198)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219
Tel: (804) 788-7765
Fax: (804) 698-2950
wledoux@eckertseamans.com
*Counsel for Defendant,*
*Toyota Motor Sales, U.S.A., Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel of

record in this action by electronically filing the forgoing on July 14, 2015, with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following:

James B. Feinman, Esq.
P.O. Box 697
Lynchburg, VA 24505
jb@jfeinman.com
*Counsel for Plaintiff*

   /s/ William D. Ledoux, Jr.
William D. Ledoux, Jr. (VSB # 71198)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219
Tel: (804) 788-7765
Fax: (804) 698-2950
wledoux@eckertseamans.com
*Counsel for Defendant,*
*Toyota Motor Sales, U.S.A., Inc.*